IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FREDERICK HUDDLESTON                                                                              PLAINTIFF

v.                                                                          CAUSE NO: 1:22-CV-48-SA-RP

COOPER TIRE & RUBBER
COMPANY                                                                                           DEFENDANT

ORDER

On March 15, 2022, Frederick Huddleston filed his Complaint [1] against Cooper Tire & Rubber Company alleging retaliation under Title VII, the ADA, and the ADEA. On May 26, 2023, Huddleston filed a Motion to Amend [53], requesting that he be permitted to amend his Complaint [1]. On June 22, 2023, Magistrate Judge Percy entered an Order [61] denying Huddleston's Motion [53]. Now before the Court is Huddleston's Motion to Appeal [65], wherein he requests that the Court reverse Magistrate Judge Percy's ruling. The Motion [65] has been briefed and is ripe for review.

*Relevant Procedural Background*

This civil action stems from Frederick Huddleston being demoted from his Tire Lead position at Cooper Tire. On October 20, 2020, the Tire Assembly Operations Manager informed Huddleston that he was being demoted from his Tire Lead position. His demotion was part of the plant restructuring process. According to Cooper Tire, Huddleston's was demoted based on poor performance. Following his demotion, he applied for two Lead positions, and he was not selected for either position.

On February 22, 2021, Huddleston filed his first EEOC Charge alleging race, age, and disability discrimination in connection with his demotion and with not being selected for the other Lead positions. On July 22, 2021, Huddleston filed his second EEOC Charge, alleging that Cooper

Tire intended to decrease his pay because of the EEOC Charge he filed in February. On March 15, 2022, Huddleston filed his Complaint [1], alleging retaliation under Title VII, the ADA, and the ADEA.

On May 16, 2022, Magistrate Judge Percy entered a Case Management Order [11] ("CMO") setting deadlines for discovery, amendments/joinders of parties, Plaintiff's designation of experts, Defendant's designation of experts, and the filing of dispositive motions. In the Case Management Order [11], the amendment deadline was set for June 16, 2022.

On May 26, 2023, almost a year after the June 16, 2022 amendment deadline, Huddleston filed a Motion to Amend [53], requesting to amend his original Complaint [1] to add a race discrimination claim. For context, as emphasized above, Huddleston's original Complaint [1] did not assert a general race discrimination claim but instead only asserted *retaliation* claims under Title VII, the ADA, and the ADEA. In his Motion [53], Huddleston argued that being able to amend his Complaint [1] to add the race discrimination claim would prevent the need to file a separate lawsuit.

On June 22, 2023, Magistrate Judge Percy entered an Order [61] denying Huddleston's Motion to Amend [53] on the basis that Huddleston had not shown good cause for his failure to timely amend. On July 6, 2023, Huddleston filed the present Motion [65], arguing that Magistrate Judge Percy's ruling should be reversed. Huddleston also requested a continuance. In opposition, Cooper Tire contends that it will be prejudiced by the amendment.

*Analysis and Discussion*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)(1); FED. R. CIV. P. 72(a); L.U. CIV. R. 72(d). "A magistrate judge's non-

dispositive order may only be set aside if it is clearly erroneous or is contrary to law." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)) (additional quotations omitted); *see also* 28 U.S.C. § 636(b)(1)(A) (a magistrate judge's non-dispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has passed. *S & W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). "Rule 16(b) provides that a scheduling order shall not be modified except upon showing of good cause and by leave of the district judge." *Id.* "Rule 16(b) allows such amendments only for good cause and with the court's consent, requiring the party 'to show that the deadlines cannot be reasonably met despite the diligence of the party needing an extension.'" *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *S & W Enters.*, 315 F.3d at 535). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters.*, 315 F.3d at 535. In determining whether to modify the scheduling order, the court considers four factors: "(1) the explanation for the failure to timely

3

move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*.

In his Motion to Appeal [65], Huddleston contends that Magistrate Judge Percy denied his Motion to Amend [53] because Cooper Tire would be prejudiced because the discovery and dispositive motions deadline has passed. However, Magistrate Judge Percy's decision was not just based on the passing of deadlines. Magistrate Judge Percy held that Huddleston's Motion to Amend [53] was not well-taken because Huddleston had not shown good cause for his failure to timely amend and the balancing of the four factors outlined above weighed against Huddleston's request to amend. In other words, Huddleston's allegation is an oversimplification of Magistrate Judge Percy's ruling.

Magistrate Judge Percy provided a thorough analysis of how each factor weighed against Huddleston. First, Magistrate Judge Percy found insufficient Huddleston's explanation that he failed to timely move for leave to amend his complaint because he thought his Complaint [1] already included a race discrimination claim. Magistrate Judge Percy then explained that, in his Motion [53], Huddleston did not provide any argument as to the importance of the amendment. Further, Magistrate Judge Percy noted that Huddleston, in his Reply [60], only stated that "[i]f the Court were to determine Plaintiff has already asserted a race discrimination claim in his original Complaint there would be no need to amend." [60] at p. 2. Magistrate Judge Percy again found that this allegation was insufficient to show the importance of the amendment. Next, Magistrate Judge Percy determined that the amendment would potentially prejudice Cooper Tire because both the discovery and dispositive motions deadlines had passed. Magistrate Judge Percy found that allowing Huddleston to amend his Complaint [1] would require additional discovery and potentially additional dispositive motions which would unduly prejudice Cooper Tire. Lastly,

4

Magistrate Judge Percy noted that Huddleston had not requested a continuance of the August 14, 2023 trial date. Magistrate Judge Percy further held that a continuance would not cure the prejudice that Cooper Tire would face.

In his Motion to Appeal [65], Huddleston has now requested a continuance. He contends that a continuance is necessary to allow Cooper Tire to conduct any additional discovery on the race discrimination claim and so that Cooper Tire can supplement its Motion for Summary Judgment [42] to address the issue. Huddleston further contends that the continuance will not prejudice Cooper Tire and it will save both parties time and money that would be associated with litigating two separate lawsuits. In its Response [66], Cooper Tire contends that a continuance is not necessary because Huddleston failed to timely amend his Complaint [1] and, in any event, Cooper Tire will be prejudiced by the amendment.

In the Court's view, as Magistrate Judge Percy concluded, Cooper Tire would be prejudiced by any amendment because not only have both the discovery and dispositive motions deadlines passed, Cooper Tire has already filed a Motion for Summary Judgment [42]. The Fifth Circuit has held that "[w]e more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *Par. v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (additional citations omitted). That is precisely what Huddleston is attempting to do here.

Furthermore, a continuance would not cure the prejudice nor is it necessary because Huddleston failed to timely move to amend his Complaint [1] and has failed to show good cause as to why the deadlines could not have reasonably been met. The Fifth Circuit has previously affirmed a district court's ruling that the failure to timely amend outweighs the other three factors for assessing good cause. *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

5

Additionally, the District Court for the Eastern District of Louisiana has previously held that "when a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), *the Court can deny the motion for that reason alone.*" *Matias v. Taylors Int'l Servs., Inc.*, 2010 WL 3825402, at *3 (E.D. La. Sept. 24, 2010) (citing *Wachovia Bank, Nat. Ass'n. v. Schlegel*, 2010 WL 2671316 (N.D. Tex. June 30, 2010)) (emphasis added).

Here, Huddleston had several opportunities to seek leave to amend before the June 16, 2022 deadline, yet he failed to do so until 343 days after the amendment deadline. The only explanation Huddleston provides for not including the race discrimination claim in his original Complaint [1] is that "[his] counsel thought a discrimination claim had been filed are [sic] part of [his] Complaint. [His] counsel realized the Defendant claimed there was no such claim filed [sic] its motion for summary judgment and is now seeking to amend Complaint to clarify that the race discrimination claim was meant to be asserted in the Complaint." [60] at p. 1. The Court finds this reasoning unavailing. Huddleston has failed to show good cause for his failure to timely amend and the balancing of the four factors weigh heavily against Huddleston's request to amend.

In reaching this conclusion, the Court feels compelled to note that, in connection with the present Motion [65], Huddleston has not filed a supporting Memorandum and has made no real legal arguments to support his position. Conversely, Magistrate Judge Percy's Order [61] carefully analyzed the applicable factors, ultimately concluding that the amendment was not warranted. The Court sees no basis to disturb that ruling.

*Conclusion*

For the reasons set forth above, Huddleston's Motion to Appeal [65] is hereby OVERRULED, and the Magistrate Judge's Order [61] is AFFIRMED in its entirety.

SO ORDERED, this the 27th day of July, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE