IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FREDERICK HUDDLESTON                                                 PLAINTIFF

v.                                                          CAUSE NO: 1:22-CV-48-SA-RP

COOPER TIRE & RUBBER
COMPANY                                                         DEFENDANT

ORDER AND MEMORANDUM OPINION

Now before the Court is Cooper Tire's Motion for Reconsideration [79], wherein it requests that the Court reconsider its reopening of the case for purposes of permitting Huddleston to pursue one of his Section 1981 retaliation claims. The Motion [79] is ripe for review. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Background*

Because it has previously set forth the facts of this case on multiple occasions, the Court will not fully recite the entire factual basis. But some context is necessary.

The scope of this lawsuit initially encompassed multiple claims. On July 27, 2023, the Court entered an Order and Memorandum Opinion [70] granting summary judgment in Cooper Tire's favor and dismissing all claims. Huddleston sought reconsideration as to only one claim— his claim that Cooper Tire retaliated against him for complaining of race discrimination when it did not promote him in January 2021. In an Order and Memorandum Opinion [76] entered on March 27, 2024, the Court granted Huddleston's request and reopened the case for the limited purpose of permitting Huddleston to pursue his Section 1981 retaliation claim based upon the January 2021 failure to promote.

Now, Cooper Tire seeks reconsideration of that ruling. In its Motion [79], Cooper Tire

contends the Court erred in concluding that Huddleston engaged in a protected activity. In particular, Cooper Tire contends that the Court's conclusion "is based upon a clear error of law and is against the record evidence." [80] at p. 4.

*Standard*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion. . . under Rule 59(e) or. . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Holmes v. Day*, 2019 WL 13233661, at *1 (S.D. Miss. Nov. 27, 2019) (citing *Demahy v. Schwarz Pharma, Inc.* 702 F.3d 177, 182 n. 2 (5th Cir. 2012)).[1]

"A Rule 59(e) motion 'calls into question the correctness of judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit has held that "[s]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "The federal courts of [Mississippi] recognize three potential grounds for the Court to alter or amend a judgment under Rule 59(e): '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *A.T. ex rel. Givens v. Leflore Cnty. Sch. Dist.*, 2010 WL 1924436, at *2 (N.D. Miss. May 11, 2010) (citing *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.,* 2008 WL 2856826, at *1 (N.D. Miss. July 21, 2008)) (additional citations omitted). Importantly, "reconsideration of a judgment after its entry is an extraordinary remedy that should

---

[1] Here, the Motion [79] was filed within twenty-eight (28) days, rendering Rule 59(e) applicable.

be used sparingly." *Templet*, 367 F.3d at 478 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

*Analysis and Discussion*

For context, the Court recites the applicable analytical framework for a Section 1981 retaliation claim.

"To establish a prima facie case of retaliation, [the plaintiff] must show that: 1) [he] engaged in a protected activity; 2) [he] suffered an adverse employment action; and 3) there is a causal connection between the two." *Owens v. Circassia Pharm., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022) (citing *Saketoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 999 (5th Cir. 2022)). "If a plaintiff succeeds in making a prima facie case, the burden then shifts to the defendant to proffer a legitimate rationale for the underlying employment actions. If the defendant makes this showing, the burden shifts back to the plaintiff to demonstrate that the employer's articulated reason for the employment action was a pretext for retaliation." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (citing *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001)).

The issue Cooper Tire raises is a narrow one—particularly, it alleges that Huddleston did *not* engage in a protected activity. The alleged protected activity occurred on January 14, 2021 when Huddleston left the following comment on his annual self-evaluation form: "the way someone treat[s] you, and the things they do to you - should never be determined by the way we look. There are no second-class people anymore; we should [sic] all be treated 'equal', but more times we are not because of our 'looks.'" [52], Ex. 3 at p. 2.

The Court explained the overarching standard for what constitutes a protected activity in its previous Order and Memorandum Opinion [76], articulating the standard as follows:

> As relevant here, an employee has engaged in a protected activity if he has "opposed any practice made an unlawful employment

3

> practice" by Title VII. 42 U.S.C. § 2000e-3(a). Notably, "[m]agic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Cochran v. Tri-State Truck Ctr., Inc.*, 2014 WL 654634, at *2 (S.D. Miss. Feb. 19, 2014) (quoting *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010)). "[T]he Fifth Circuit has 'consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity.'" *Id.* (quoting *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011)) (additional citation omitted).

[76] at p. 10.

In concluding that Huddleston had come forward with sufficient evidence to preclude summary judgment on this element, the Court held:

> Huddleston's specific comment that he left on his annual self-evaluation form on January 14, 2021 was: "the way someone treat[s] you, and the things they do to you - should never be determined by the way we look. There are no second-class people anymore; we shoud [sic] all be treated 'equal', but more times we are not because of our 'looks.'" [52], Ex. 3 at p. 2. The Court notes that Huddleston referred to "looks" and did not specifically state "race." However, the comment was not, in the Court's view, vague. This is particularly true when considered in conjunction with the preceding section of his self-evaluation. In that section, Huddleston responded to the question "to what job does employee aspire" as follows: "the job that was taken away from me 'unfairly.'" *Id*. Additionally, Huddleston commented that he was afraid to take advantage of any special training "because of the bias and unfair treatment that goes on." *Id*. Taking all of this into account, the Court cannot accept Cooper Tire's contention that the Court should dismiss the claim because Huddleston used the word "looks" instead of "race." As noted above, "magic words are not required." *Cochran*, 2014 WL 654634 at *2 (citation omitted). These comments in their totality were sufficient to "at least alert [Cooper Tire] to the employee's reasonable belief that unlawful discrimination is at issue." *Id*.

*Id*. at p. 10-11.

It is this conclusion with which Cooper Tire takes issue. Cooper Tire contends that the Court's ruling "is contrary to the case on which the Court relied and the evidence that Huddleston

submitted into the record." [80] at p. 1. In making this argument, Cooper Tire emphasizes that, in *Cochran*, the District Court for the Southern District of Mississippi concluded that the plaintiff's complaint of workplace mistreatment "did not constitute [a] protected activity because she failed to mention race." *Id*.

A closer look at *Cochran* is warranted. There, the plaintiff, Audrey Cochran, an accounts-payable clerk at Tri-State Truck Center, was terminated based on poor work performance. *Cochran*, 2014 WL 654634, at *1. Cochran disputed that her work performance led to the termination but instead alleged that she was terminated for opposing racial discrimination against a co-worker, Angela Patrick. *Id*. As to whether she engaged in a protected activity, Cochran raised three different potential activities but, as pertinent here, she told her supervisor "what they're doing to Angela is wrong" and told the general manager that "[t]hey're not giving her a chance[.]" *Id*. at *3. However, the district court specifically emphasized that Cochran "concede[d] that she never mentioned race." *Id*. The district court therefore concluded that her oral statements were too vague to constitute a protected activity. *Id*.

In comparing *Cochran* to the case at bar, the Court first notes that it is not binding on this Court (and did not serve as the *sole* basis for the Court's conclusion). Nonetheless, it is distinguishable. Put simply, statements such as "what they're doing to Angela is wrong" and "they're not giving her a chance" are simply not the same as specifically stating that "the way someone treat[s] you, and the things they do to you - should never be determined by the way we look. There are no second-class people anymore; we shoud [sic] all be treated 'equal', but more times we are not because of our 'looks.'" [52], Ex. 3 at p. 2. Huddleston specifically referenced second-class people and complained that employees were treated differently because of "looks." That is markedly different than vague statements that can in no way be construed as racial

5

complaints. Cooper Tire's contention that this Court misinterpreted or misconstrued *Cochran* is rejected.

Next, Cooper Tire emphasizes Denieta Cantrell's deposition testimony, wherein she testified that she did not interpret Huddleston's comment as a racial complaint: "I mean, when I saw this, I thought that what he wrote on here is basically the same type of things that he said in his interview. . . I don't remember him saying anything about, you know, the way he looks [in his interview]." [80] at p. 7-8 (quoting [47], Ex. 7 at p. 25). Cooper Tire ultimately argues that this evidence illustrates that Cooper Tire was aware of Huddleston's dissatisfaction but was not on notice that his dissatisfaction was race-related. However, for purposes of the present stage of the proceedings, the Court must view all evidence in the light most favorable to the non-moving party. *See*, *e.g.*, *Cory v. Stewart*, 103 F.4th 1067, 1078 (5th Cir. 2024). Although Cooper Tire may make such an argument at trial, granting summary judgment on that basis would be improper—it is a fact question to be resolved by a jury.

Lastly, Cooper Tire contends that Huddleston admitted in his deposition that he never advised Cooper Tire that he felt he was discriminated against on the basis of his race:

> Q. Okay. So after the October 20th meeting, did you stop by Ms. Cantrell's office a few days later to ask her about why you were demoted?
>
> A. I went by -- I went by Ms. Cantrell's office after I talked to Cole. This was probably about the last time, I think, I even been to her office as far as I can remember. I stopped by there and -- let's see. After I talked to Cole that Wednesday -- do you remember me telling you he told me I could come back and talk to him that Wednesday?
>
> Q. Uh-huh (affirmative response).
>
> A. And that was when he told me to make sure to let Denieta know exactly what I'm going to do. But I don't -- I don't remember talking to her, but not about no -- why they

6

>    demoted me.
>
> Q.   So you don't recall stopping by Ms. Cantrell's office asking her if you were demoted because of your race, age, or heart attack?
>
> A.   *I wasn't demoted because of my what now? My race, age?*
>
> Q.   Or heart attack. Did you stop by Ms. Cantrell's office and ask her if were you demoted because of your race, age, or heart attack?
>
> A.   *Why would I ask her that?*

[54], Ex. 1 at p. 9-11 (emphasis added).

According to Cooper Tire, this testimony establishes that "Huddleston, himself, admitted that prior to the filing of his first EEOC Charge, he never mentioned to Cooper Tire that he felt that his demotion was due to his race[.]" [80] at p. 8.

This argument misses the mark. The timeline is important. This series of questions concerned events that occurred in October 2020—some period of time prior to Huddleston leaving the comment on his annual self-evaluation form in January 2021. Cooper Tire's reliance on this deposition testimony as a basis for summary judgment in its favor is misplaced.

Ultimately, the Fifth Circuit has made clear that "magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348-49 (5th Cir. 2007)) (additional citations omitted). In essence, Cooper Tire's argument would require specific, magic words in order for an employee to engage in a protected activity. To do so would run afoul of binding precedent and would impose an unnecessarily high burden on plaintiffs. Huddleston's comment was sufficient, for summary judgment purposes, to constitute a protected activity.

*Conclusion*

Cooper Tire's Motion for Reconsideration [79] is DENIED. Huddleston will be permitted to proceed to trial on the claim.

SO ORDERED, this the 23rd day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE